

Signed/Docketed
September 17,

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

In re:                                    )
                                          )   Case No. 12-12026 MER
MARIA A. HERRERA,                         )
                                          )   Chapter 7
          Debtor.                         )

## ORDER

This matter comes before the Court on the *United States Trustee's Motion for Order to Ruth "Stella" Vera and Alan Hedrick to Show Cause Why Fines, Penalties, Injunctive and Other Relief Should Not Be Ordered Against One or Both of Them Under 11 U.S.C. §§ 105, 110 and 526* (the "Motion"),[1] and the Court's subsequent Order to Show Cause based upon that Motion (the "OSC").[2] Respondents Alan Hedrick and Ruth Vera ("Hedrick" and "Vera," collectively, the "Respondents") filed responses to the OSC, and the Court scheduled a hearing. However, the Respondents did not appear at the hearing, and the Court found them in default of the OSC, accepted the United States Trustee's offer of proof, and ordered the United States Trustee to file copies of the exhibits which would have been offered at an evidentiary hearing. The United States Trustee submitted exhibits, and the Court, having reviewed the file and the evidence, hereby makes the following findings of fact and conclusions of law.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it concerns the administration of the estate.

## PROCEDURAL AND FACTUAL BACKGROUND

Debtor Maria A. Herrera (the "Debtor") filed her voluntary Chapter 7 petition on February 8, 2012. The "Disclosure of Compensation" and "Declaration and Signature by Non-Attorney Bankruptcy Petition Preparer" were filed by Hedrick. Hedrick agreed to accept a fee of $1,000 for his services. On March 5, 2012, the Debtor attended her Meeting of Creditors held pursuant to

---

[1]  Docket No. 12.

[2]  Docket No. 13.

§ 341 (the "Creditors' Meeting") and provided sworn testimony before Chapter 7 Trustee, Cynthia Skeen.

On March 3, 2012, the United States Trustee ("UST") filed the instant Motion. According to the Motion, the Debtor testified at the Creditors' Meeting she paid $1,000 to Vera, although Vera is not identified in the Debtor's schedules, statement of financial affairs, or other documents.  Further, the Motion alleges:

a) In response to an advertisement for Vera's services on the radio, the Debtor went to Vera's place of business at 8801 E. Hampden Ave Ste. #110, Denver, CO 80231 to seek assistance in filing a bankruptcy.  The Debtor stated at this meeting, Vera ran a credit report on the Debtor and verbally discussed the Debtor's liabilities. The Debtor did not give any documents to Vera.

b) For the meeting, the consultation and the bankruptcy assistance to be provided, Vera charged and the Debtor paid, $1,000.00 in cash. The Debtor subsequently provided a receipt to the UST indicating the Debtor paid $1,000.00 in cash to Soluciones Financier as, which is an entity apparently affiliated with Vera, as the address listed is the same as the address listed on Vera's business card.  The Debtor does not recall signing any contract or agreement with Vera.

c) At the meeting of creditors, the Debtor stated she did not recall ever meeting with Hedrick or having Hedrick provide any services to her.  The Debtor dealt only with Vera.

d) The Debtor recalls Vera advised her, among other things, that the Debtor would be filing a chapter 7 bankruptcy and that if approved, her debts would be discharged.  The Debtor was also worried about losing her house, but Vera advised her she could exempt her house. When shown Schedule C, the Debtor was unable to identify any of the Colorado exemption statutes listed.  Finally, Vera also advised the Debtor she could apply for a waiver of her filing fee.

e) The Debtor indicated she did not give Vera or Hedrick any draft of any bankruptcy document for preparation or typing, nor did she direct Vera or Hedrick on how to prepare the documents; rather, the Debtor stated Vera prepared all the paperwork based on the credit report run by Vera and by verbally talking with the Debtor about her liabilities.[3]

---

[3]  These allegations are supported by the transcript of the Debtor's testimony at the Section 341 meeting, contained in UST's Exhibit 5.

The UST argues although Vera may not have typed the Debtor's bankruptcy paperwork, her conduct makes her, as well as Hedrick, a petition preparer pursuant to 11 U.S.C. § 110(a)(1).[4]  According to the UST, sanctions against Hedrick and Vera are warranted for the following reasons.

First, § 110(c)(1) requires bankruptcy petition preparers to sign and place an identifying number (generally a social security number) on each document prepared for filing.  However, Hedrick only signed and provided a number on some of the documents filed, and Vera provided no information on any documents filed.[5]

Second, § 110(e) prohibits bankruptcy petition preparers from creating documents *de novo* and from providing legal advice, including placing information into forms without direction or a draft provided by the Debtor, and characterizing the nature of the Debtor's interests or debts. However, at the Creditors' Meeting, the Debtor testified Vera or Hedrick advised her of legal rights and remedies, determined which bankruptcy forms should be completed, and completed the documents by characterizing the nature of Debtor's interests or debts.  According to the UST, these activities occurred independent of any directions or any draft documents from the Debtor, and so constituted giving the Debtor legal advice.[6]

---

[4]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[5]  Specifically, the UST points out the following deficiencies:

a. Debtor's Petition (signed and numbered only by Hedrick).
b. Debtor's Statement of Financial Affairs (signed and numbered only by Hedrick).
c. Debtor's Schedules (signed and numbered only by Hedrick).
d. Debtor's Form B22 (Means Test Form) (no information from either Hedrick or Vera).
e. Debtor's Application For Waiver of the Chapter 7 Filing Fee. (signed and numbered only by Hedrick).

[6]  The UST alleges the improper legal advice occurred with respect to the following documents:

a. Debtor's Petition, and determining that Debtor was commencing a case under chapter 7.
b. Debtor's Schedules A–J.
c. Debtor's Statement of Financial Affairs.
d. Debtor's Form B22A.
e. Debtor's Application For Waiver of the Chapter 7 Filing Fee.

Third, Vera did not disclose any compensation paid to her nor any arrangement with Hedrick, in violation of §110(h)(2). In addition, Hedrick did not comply with § 110(h)(2) because he represented the source of his compensation was the Debtor, although the Debtor states she paid nothing to Hedrick and paid $1,000.00 to Vera. Further, Hedrick represented his Disclosure of Compensation included, "a complete statement of any agreement or arrangement for payment to me for preparation of the petition filed by the debtor(s) in this bankruptcy case," but failed to disclose his arrangement with Vera for the preparation of Debtor's documents. He also represented in the Disclosure of Compensation: "[t]o my knowledge no other person has prepared for compensation a document for filing in connection with this bankruptcy case," when in fact Vera appears to have worked on the preparation and met with the Debtor.[7]

Based on these assertions, the UST seeks one or more of the following remedies:

• Mandatory forfeiture of all fees under § 110(h)(3);

• Payment to the Debtor of $2,000 as a penalty under § 110(i)(1);

• A $500 fine under § 110(l)(1) for each failure to comply with § 110(b)–(h);

• Tripling of fines under § 110(l)(1) for failure to disclose the identity of a petition preparer;

• Imposition of penalties under § 526(c), based on intentional violation of § 526 or a clear and consistent pattern or practice of violating § 526; and

• Pursuant to §§ 105(a), 110(j), and 526(c), injunction of all conduct violating § 110 and §§ 526–528, including permanently enjoining Hedrick and Vera from acting as bankruptcy petition preparers.

Hedrick's response is virtually identical to that from Vera, and both simply deny each of the numbered paragraphs in the UST's Motion. In the wherefore clauses of their responses, Hedrick and Vera request: "1. Plaintiff take nothing by this action. 2.That no fines, penalties or sanctions be awarded against

---

[7] *See* UST's Exhibit 2. In addition, the form indicates, in typewritten form, that Hedrick agreed to accept $500 for the services provided, of which $-0- has been received and $500 remains due. However next to the typewritten amount agreed to be accepted, $1,000 is handwritten, accompanied by the initials "mah." It is unknown whether these are Hedrick's initials or whether he affixed the handwritten amount.

[Hedrick or Vera].  3. For such other and further relief as the court may deem just and proper."[8]

## DISCUSSION

### A.    Is Information Regarding Other Cases Relevant?

As a preliminary matter, the Court notes the UST provided exhibits pertaining not only to the instant case, but also to thirteen other cases for which Hedrick signed documents as a petition preparer.[9]  For one of the cases, *In re Fierro and Dedios*, 11-19085 HRT, the UST submitted a transcript of the Creditors' Meeting, in which the Debtors indicated they paid $1,000.00, rather than the $500.00 disclosed, and had dealt with an individual named Juanita, although they recalled an individual named Allen accompanying them when they filed their petition.[10]  In addition, with respect to *Fierro*, the UST submitted a copy of a business card for a business called Coordinadores De Soluciones Financieras, which contained the names "Juanita" and "Ruth."[11]

As for the other cases, the UST presented fee disclosures, portions of statements of financial affairs and schedules, and orders issued by the Court. Only one of the additional cases, *In re Maria A. Langle*, 11-38389 MER, was before this Court, and was dismissed on March 12, 2012.  Only the instant case and two other cases, *In re Jose Ocampo*, 11-33972 HRT, and *In re Jose Navarrete*, 11-38330 SBB, are still open.  The information presented as to these cases indicates 1) Hedrick acted as a petition preparer in the cases, listing fees of $500.00 in all but two cases;  2) Colorado exemptions were claimed by the debtors; and 3) applications for waivers of filing fees were filed by the debtors.

The Court first notes it lacks jurisdiction to enter orders concerning cases before other divisions of this Court, and lacks jurisdiction to enter orders concerning cases before this Court which are closed, absent a motion to reopen. Therefore, the Court will assume the evidence regarding the other cases involving Hedrick was presented to support an argument Vera and Hedrick were

---

[8]  Docket Nos. 16 and 17.

[9]  *See* UST's Exhibits 8–11.

[10]  *See* UST's Exhibit 8, Section 341 Meeting Transcript of Case No. 11-19085 HRT, pp. 6–8.

[11]  UST's Exhibit 9.

acting as a debt relief agency and exhibited a clear and consistent pattern or practice of violating § 526.[12]

However, the evidence presented as to the additional cases fails to "connect" the actions of Hedrick and Vera in the instant case with any actions they may have taken in the other cases.  Specifically, while each of the cases contains documents signed by Hedrick, there is no indication Vera was also involved.  Even in the *Fierro* case, the  transcript of the meeting of creditors merely shows the debtors dealt with an individual named Juanita, and received a business card including the names "Juanita" and "Ruth."  There is no evidence to support a finding the "Ruth" on the business card is the same individual as Ruth "Stella" Vera.  In addition, while the cases cited each contained claims for exemption under Colorado law, and each contained an application for waiver of the filing fee, there is no evidence to suggest the exemption claims or the waiver applications were urged upon the debtors by Hedrick or Vera, or to suggest the exemption claims or waiver applications were improper or unwarranted.

For these reasons, the Court finds the evidence regarding cases other than the case before the Court is irrelevant.  The Court will therefore restrict its discussion to the case of Maria A. Herrera.

## B.      Are Hedrick and/or Vera Bankruptcy Petition Preparers?

This matter is governed primarily by § 110 of the Bankruptcy Code, titled "Penalty for persons who negligently or fraudulently prepare bankruptcy petitions."  The allowed scope of a bankruptcy petition preparer is very limited.  Indeed, "[i]f the petition preparer does anything more than copying or typing information written by prospective debtors on official bankruptcy forms, then the petition preparer exceeds the authority of § 110."[13]

As an initial matter, the Court must determine whether Hedrick and Vera are in fact bankruptcy petition preparers as defined in § 110(a).  A "bankruptcy petition preparer" is defined as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing."  The evidence established Hedrick is a bankruptcy petition preparer because, asserting he was a petition preparer, he signed and placed his Social Security number on the Petition and other documents filed by the Debtor.

---

[12]  *See* 11 U.S.C. § 526(c)(5).

[13]  *In re Gomez*, 259 B.R. 379, 386-387 (Bankr. D. Colo. 2001).

With respect to Vera, the testimony provided by the Debtor at her § 341 meeting indicates the Debtor met with Vera and had no contact with Hedrick, although Hedrick signed the Petition and other documents. The Debtor gave basic information to Vera, and Vera obtained the Debtor's credit report on the Internet. In addition, the Debtor told Vera the amounts of her credit card debts, and expressed her desire to reaffirm the debt secured by her house.[14] It is not clear from the transcript or other evidence how Hedrick came to sign the documents, nor when and how the documents were prepared for the Debtor's signature. The Court has no information as to whether Vera set the fee charged, or whether she selected Hedrick or some other person to perform the document preparation. No evidence shows whether Vera and/or Hedrick run a "referral agency" for petition preparers, and no evidence shows how Hedrick obtained the Debtor's information from Vera.[15]

Accordingly, the Court finds Vera clearly should have been included on the Statement of Financial Affairs, question 9, and she should not have given the Debtors any legal advice. However, there was no evidence establishing she prepared any document for filing, or worked in conjunction with Hedrick in preparing the Debtors' bankruptcy documents. Moreover, the Debtor testified she received no worksheets, forms, or other documents from Vera. Thus, while the Court does not believe Vera acted appropriately in this case, the remedies in § 110 do not appear to govern her misconduct. The Court agrees "that 'preparation' goes beyond the physical typing or mere printing of the documents," but there is insufficient evidence to establish Vera acted as a bankruptcy petition preparer in this case.[16] Thus, any findings as to the application of § 110 concern Hedrick, not Vera.

---

[14] UST's Exhibit 5, Transcript of Section 341 Meeting of Maria A. Herrera, pp. 8–9. The Debtor stated Vera "did all the paperwork" and later gave the Debtor the papers, but it is not clear from the context of the questions or the Debtor's testimony whether the Debtor had actual knowledge of Vera's preparation of the paperwork, or whether she simply assumed, because she dealt only with Vera, that Vera prepared the paperwork. *See Id.*, at pp. 12-13.

[15] *See In re Soberanis-Soberanis*, 2012 WL 1229894, at *8–9 (Bankr. D. Colo. April 12, 2012) (slip copy) (citing *In re McGill*, 2007 WL 1119939, at *6 (Bankr. E.D. Tenn. 2007) and *In re Duran*, 347 B.R. 760, 765-766 (Bankr. D. Colo. 2006)).

[16] *In re Thomas*, 315 B.R. 697, 703-704 (Bankr. N.D. Ohio 2004) (relying on *In re Jolly*, 313 B.R. 295 (Bankr. S.D. Iowa 2004). The Court notes *Thomas* dealt with an internet service, a circumstance not present in the instant case. In addition, *In re Hennerman*, 351 B.R. 143, 148-49 (Bankr. D. Colo. 2006) cited by the UST, is inapposite to this case because it involved a petition preparer who, while he presented much of the material to be filled out by debtors on his website, nonetheless prepared the forms and signed the petitions and related documents.

**C.    Is Mandatory Forfeiture of All Fees by Hedrick Warranted Under § 110(h)(3)?**

Section 110(h) provides:

(h)(1) The Supreme Court may promulgate rules under section 2075 of title 28, or the Judicial Conference of the United States may prescribe guidelines, for setting a maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer shall notify the debtor of any such maximum amount before preparing any document for filing for the debtor or accepting any fee from or on behalf of the debtor.

(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

(3)(A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2)--

(i) found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or

(ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).

The published cases addressing the value of a petition preparer's services under § 110(h)(3) have varied in their determination of what constitutes a reasonable fee for document preparation.[17]  However, no authority exists to

---

[17]  *See, e.g., Kuhns v. United States*, 2010 WL 1990558, at *3 (N.D. W.Va. May 18, 2010) (unpublished decision) (affirming a finding a fee of $150 was reasonable for bankruptcy document preparation); *In re Thueson*, 2009 WL 1076888, at *15 (Bankr. D. Ariz. March 12, 2009) (not published in B.R.) (upholding Arizona's presumptively reasonable fee of $200 per case for petition preparers, but noting such fees are subject to review and finding $23 per hour to be a generally reasonable fee for document preparation.); *In re Hernandez*, 2011 WL 5239238, at *5 (Bankr. D. Colo. October 31, 2011) (finding $400 to be an excessive fee for a bankruptcy petition preparer.).

support a bankruptcy petition preparer charging $1,000.00, or even $500.00, for performing the services allowed by § 110.  Moreover, a petition preparer bears the burden of proof to show the reasonableness of any fee charged.[18] Hedrick has presented no evidence to support the allowance of any fee in this case.  Accordingly, any fee paid to him or to any other person in this case must be returned by Hedrick or any other person who has control of the fee to the Chapter 7 Trustee for the benefit of the Debtor's estate.

### D.    Should Hedrick Pay a Penalty to the Debtor of $2,000 Under § 110(i)(1)?

Section 110(i)(1) provides:

(i)(1)  If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—

> (A) the debtor's actual damages;

> (B) the greater of--

>> (i) $2,000; or

>> (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

> (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

In the case at bar, Hedrick, by not disclosing the involvement of Vera, and by charging a fee well in excess of any reasonable fees allowed by courts to petition preparers, certainly committed acts that were fraudulent, unfair, and deceptive.   Therefore he shall be ordered to pay a penalty of $2,000.00 (in this case, $2,000.00 is the same amount as double the fee paid).  The UST has not requested attorneys' fees and costs, so none shall be awarded.

---

[18]  *See In re Evans*, 413 B.R. 315, 329 (Bankr. E.D. Va. 2009); *Springs, supra*, at 242;

**E.      Should Hedrick Pay a $500 Fine Under § 110(l)(1) for Each Failure to Comply With § 110(b)−(h)?**

Initially, the Court must address "whether the various documents filed with the Court constitute separate documents or one document for the purposes of § 110."[19]  This Court agrees with the majority position: "[t]he petition, the schedules, the statement of intention, the statement of financial affairs, and the verification of creditor matrix are each a separate 'document for filing' and may each give rise to separate violations of the statute."[20]

The only document indicated by the UST which Hedrick (as opposed to Vera, who is not considered here for the reasons stated above) failed to sign is the Debtor's Form B22A.[21]  Form B22A does not contain a signature block for an attorney or a petition preparer, and it does not appear Hedrick was trying to conceal his identity as he included his name, address and Social Security number on various other documents prepared by his office, including all the forms that have a signature line or block for an attorney or bankruptcy petition preparer.[22]  The "Declaration and Signature of Non−Attorney Bankruptcy Petition Preparer" (Form B19) discloses Hedrick prepared the Petition, the Creditor Matrix, the Certificate of Counseling, Schedules A−J, the Filing Fee Waiver, and the "Letter of Intent."[23]  Form B22A does contain a space for a verification by the Debtor, and the Debtor here duly signed the form.  Since the Court has no further information about Hedrick's involvement with the document, including knowledge as to whether he prepared it, no fine will be imposed under § 110(l)(1).

**F.      Should Hedrick be Subject to Triple Fines, Under § 110(l)(2) for Failure to Disclose the Identity of Vera as a Petition Preparer?**

Section 110(l)(2) provides:

---

[19]  *In re Springs*, 358 B.R. 236, 241 (Bankr. M.D. N.C. 2006).

[20]  *Id.* at 242.

[21]  The UST appears to base his request under § 110(l)(1) on § 110(b)(1), which requires: "A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address ..." and §110(c)(1), which provides: "A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document."

[22]  *See Soberanis-Soberanis*, *supra*, at *9.

[23]  Docket No. 5.

(2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—

>    (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;

>    (B) advised the debtor to use a false Social Security account number;

>    (C) failed to inform the debtor that the debtor was filing for relief under this title; or

>    (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

As noted above, the evidence submitted by the UST does not establish Vera acted as a petition preparer, although it shows misbehavior on her part. Therefore, under this section, triple fines against Hedrick are not warranted.

## G.    Should the Court Impose Penalties Under § 526(c), Based on Intentional Violation of § 526 or a Clear and Consistent Pattern or Practice of Violating § 526?

Section 526(a) provides:

A debt relief agency shall not--

>    (1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;

>    (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;

>    (3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to--

> (A) the services that such agency will provide to such person; or
>
> (B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or
>
> (4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

Pursuant to § 101(12A), "[t]he term 'debt relief agency' means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110." The Court finds the Debtor is an "assisted person" and Hedrick and Vera both fall within the definition of a "debt relief agency."

The Court finds Hedrick violated § 526(a)(2), making untrue and misleading statements, by failing properly to disclose the source of the fee Hedrick received, including on the Statement of Financial Affairs, Question No. 9, and on the Disclosure of Compensation of Bankruptcy Petition Preparer. That is, Hedrick stated the source of the fee was the Debtor, but the Debtor's testimony indicated she paid the fee to Vera. How Hedrick received the payment is unclear. The Court further finds Hedrick and Vera both violated § 526(a)(2), making untrue and misleading statements, by failing to disclose Vera's involvement in this case, including on the Statement of Financial Affairs, Question No. 9.

Section 526(c) provides remedies for violations of § 526(a). However, the Court finds § 110 already provides similar and adequate remedies in this case with respect to Hedrick. No further fines, sanctions, or damages will be assessed against Hedrick under § 526. As for Vera, as noted, she falls within the definition of a debt relief agency, and the Court will discuss remedies for her misbehavior below.

Section 526(c) provides in pertinent part:

(c)(1) Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of this section, section 527, or section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person.

(2) Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have–

> (A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528[24] with respect to a case or proceeding under this title for such assisted person;

> (B) provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in section 521; or

> (C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

. . .

(5) Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may--

> (A) enjoin the violation of such section; or

> (B) impose an appropriate civil penalty against such person.

In this case, the Court finds Vera has violated § 526(a) by failing to disclose her involvement with the case.  In addition, the Debtor's testimony at the Creditors' Meeting indicated Vera failed to provide any agreement or other document required under § 527 or § 528, but rather simply told the Debtor to

---

[24]  Generally, § 527 requires a debt relief agency to advise an assisted person of certain filing and disclosure requirements, while § 528 imposes duties on debt relief agencies with respect to retainer agreements.  *See* HR Rep. No. 31, 109th Cong., 1st Sess. 228-229 (2005).

fill out "the papers."[25]  Therefore, the Court finds Vera is also liable for the refund to the Debtor of double the fees paid in this case, or $2,000.00.  As discussed above, the UST's evidence does not support a finding either Hedrick or Vera engaged in a clear and consistent pattern of violating § 526, so additional injunctions or penalties under § 526(c)(5) are not appropriate.

**H.    Pursuant to §§ 105(a), 110(j), and 526(c), Should Hedrick and/or Vera Be Enjoined from All Conduct Violating § 110 and §§ 526–528, Including Permanently Enjoining One or Both of Them From Acting as Bankruptcy Petition Preparers?**

Section 105 provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Tenth Circuit Court of Appeals has discussed the scope of a Bankruptcy Court's use of § 105 as follows:

*In United States v. Energy Resources Co.*, 495 U.S. 545, 549, 110 S.Ct. 2139, 2142, 109 L.Ed.2d 580 (1990), the United States Supreme Court referred to the "traditional understanding" that bankruptcy courts are courts of equity and that under 11 U.S.C. § 105(a) they may "issue any order, process or judgment necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  (emphasis added) In *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir. 1990), modified on other grounds, *Abel v. West*, 932 F.2d 898 (10th Cir. 1991), we also recognized the "supplementary equitable powers" granted bankruptcy courts under 11 U.S.C. § 105(a), but went on to state that such powers, however, "may not be exercised in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code."[26]

---

[25]  UST's Exhibit 5, Transcript of Section 341 Meeting of Maria A. Herrera, p.7.  The Debtor did not specify which "papers" she was given to fill out, but presumably she was referring to the documents which were later typed and filed in this case.

[26]  *In re Richards*, 994 F.2d 763, 765 (10th Cir. 1993).

Here, both Hedrick and Vera received notice, via the UST's Motion and this Court's Order to Show Cause, that fines, penalties, injunctions, or other relief could be entered against them under §§ 105, 110, and 526. Hedrick and Vera filed responses, but simply denied the UST's allegations and asked that no fines, penalties or sanctions be entered against them. They did not offer information about this case or assert any affirmative defenses, nor did they appear to defend themselves at the hearing. Thus, the unrebutted evidence shows Vera received $1,000.00 from the Debtor, and Hedrick represented he received $1,000.00 from the Debtor. As the Court has found, this fee is excessive, and both Hedrick and Vera engaged in deception by failing to disclose Vera's involvement in the case. Therefore, this Court's power under § 105 provides another independent basis to order Hedrick and Vera, jointly and severally, to reimburse the Debtor double the $1,000.00 she paid.

The UST also requests an injunction, under § 105 and § 110(j), permanently prohibiting Hedrick and Vera from acting as bankruptcy petition preparers. For the reasons stated above, the UST has not shown § 110 applies to Vera. However, for purposes of its application to Hedrick, § 110(j) states in pertinent part:

> (j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.
>
> (2)(A) In an action under paragraph (1), if the court finds that--
>
> > (i) a bankruptcy petition preparer has--
> >
> > > (I) engaged in conduct in violation of this section or of any provision of this title;
> > >
> > > (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
> > >
> > > (III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

The evidence in this case shows Hedrick engaged in deceptive conduct by failing to disclose Vera's involvement in the case. However, even if Hedrick, Vera, or both of them together are engaged in malfeasance on an ongoing basis, the evidence before the Court does not support such a finding. Therefore, the Court finds the award of injunctive relief under either § 105 or § 110(j) is not warranted.

## CONCLUSION

The Court finds the evidence presented established Hedrick acted as a bankruptcy petition preparer and violated §§ 110 and 526. The Court further finds Vera violated § 526.

IT IS THEREFORE ORDERED Alan Hedrick and Ruth "Stella" Vera shall pay to the Debtor, in cash or certified funds, the total amount of $2,000.00, on or before ten days after the entry of this Order, and shall file with the Court written proof that such payment has been made, failing which the Court shall set this matter for a further hearing at which the imposition of further sanctions against Alan Hedrick and Ruth "Stella" Vera will be considered.

Dated September 17, 2012                    BY THE COURT:

Michael E. Romero
United States Bankruptcy Judge